UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| RICHARD LYNN HENSLEY | ) | |
| | ) | |
| v. | ) | NO. 2:01-CV-142 |
| | ) | |
| ANTHONY MILES, ET. AL. | ) | |

**O R D E R**

On June 28, 2005, the Court held a hearing in regard to the plaintiff's motion to reconsider the Court's order dated May 20, 2005. The Court notes that the Fund failed to file a response to the plaintiff's motion to reconsider and failed to appear to argue at the hearing held in regard to the plaintiff's motion to reconsider even though the Court gave counsel for the Fund permission to appear telephonically.

The plaintiff was given up to and including June 30, 2004, to file a pleading identifying any document filed by the plaintiff that raised a duty on the part of the Fund ("AP&CGF") to respond by producing an election that the Fund relies upon that the uninsured limits of the Legion policy are less than $1,000,000.00. The plaintiff met this deadline and cited several documents in support of its contention.

In response to an order entered by the Magistrate Judge, the plaintiff filed Plaintiff's Supplemental Brief on December 2, 2004. [Doc. 151]. In that brief, the

plaintiff alleges:

> The plaintiff was an owner/operator who was leased onto Fikes of Hope, Arkansas and was covered under a policy of insurance issued by Legion Insurance Company, Policy Number CA11202134. That policy contained an endorsement that was issued on November 65, 1991 and effective October 1, 1999 to owner/operators under lease fo Fikes setting the uninsured and underinsured coverage to $125,000.00. Effective March 1, 2000, there was a General Change Endorsement modifying insurance to "Specified Owner Operators under Least to Fikes Truck Line, Inc."This General Change Endorsement was issued after January 1, 2000. Therefore if the insured desired uninsured motorist coverage lower than the general liability coverage, it was required to reject the higher limits in writing. No such writing rejecting the higher limits has been produced and therefore the general liability limits of $1,000,000 apply to the uninsured motorist coverage.

The plaintiff goes on to state:

> AP&CGF stands in the shoes of Legion but is not responsible for the policy limits. Under A.C.A. Section 23-9-103, AP&CGF has exposure of a $300,000.00 maximum.

On December 3, 2004, the Fund filed a rebriefing regarding the motion for summary judgment. [Doc. 151]. In that rebriefing, the Fund argues that there is no coverage for plaintiff's claims. However, the Fund also states in this brief:

> Pursuant to A.C.A. 23-90-117(a)(1), Plaintiff must recover the available limits from any solvent insurance company before the AP&CGF may pay any amount toward a covered claim. The AP&CGF will then be entitled to a <u>credit against the statutory cap</u> in an amount equal to any sum recovered

2

>from another insurance company or another states guaranty fund..... (emphasis added)

Significantly, the Fund admits that any other coverage that the plaintiff might have would be a credit against the statutory cap of $300,000.00, and never raised the issue that the statutory cap might not apply to the plaintiff's claim.

After the Magistrate Judge entered his Report and Recommendation on December 7, 2004, [Doc. 154], and his Supplemental Report and Recommendation on January 26, 2005, [Doc. 161], the Fund filed a Response to Plaintiff's Motion for a Specific Finding as to the Extent of the Arkansas Property and Casualty Guaranty Fund's Exposure, [Doc. 163], on March 29, 2005, raising the factual issue of whether or not the insured signed a written rejection of UM limits equivalent to the policy's liability limits thus reducing the Fund's liability below the statutory cap. The Fund notes that, although a lengthy hearing was held in from the Magistrate Judge, no finding was made in this issue. However, this was not an issue at that hearing because the Fund had admitted in its rebriefing that any other coverage that the plaintiff might have would be a credit against the statutory cap of $300,000.00 and never asserted that a figure other than the statutory cap should be used.

**CONCLUSION**

It is hereby **ORDERED** that plaintiff's unopposed Motion for Reconsider-

3

ation is **GRANTED**. [Doc. 167]. It is also hereby **ORDERED** that judgment is entered in favor of the plaintiff, and that the Court specifically FINDS as follows:

1. That both Legion and Lancer afford the plaintiff insurance coverage for his injuries;

2. That AP&CGF is the appropriate Guaranty Fund;

3. That Hensley has a "covered claim";

4. That Lancer has a maximum exposure in the amount of $55,000.00;

5. That Legion's policy afforded uninsured motorist coverage in the amount of $1,000,000.00; and

6. That AP&CGF has a maximum exposure in the amount of $300,000.00.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE